FILED
OCT - 5 2006
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

ILLINOIS CENTRAL RAILROAD COMPANY, )
)
Plaintiff, )
)
v. ) No. 06-691 T
)
THE UNITED STATES, )
)
Defendant. )

**COMPLAINT**

1. The Plaintiff, Illinois Central Railroad Company, brings this action to recover from the Defendant, the United States of America, overpaid railroad retirement taxes in the amount of $1,979,045.04 or such other amount or amounts as the Court may determine to be lawfully due, together with interest as provided by law.

JURISDICTION

2. This action, and the claims for relief set forth in this Complaint, arise under Acts of Congress, and regulations thereunder of the Treasury Department, providing for internal revenue. This action is brought pursuant to and within the period prescribed by such Acts and regulations, for the recovery of internal revenue taxes erroneously or illegally assessed or collected, or of sums wrongfully collected under the internal revenue laws, together with interest thereon according to law. This Court has jurisdiction under 28 U.S.C. §§ 1346(a), 1491(a).

SPECIAL MATTERS; BACKGROUND

3. No action on the claims presented in this case has been taken by Congress or by any department or agency of the United States (other than action by the Internal Revenue Service on the tax refund claims as described below), or in any judicial proceeding.

4. Plaintiff is an Illinois corporation with its principal place of business at 17641 South Ashland Avenue, Homewood, Illinois 60430. Plaintiff's taxpayer identification number, as shown on the tax returns and refund claims at issue in this case, is 36-2728842.

5. Plaintiff is a railroad "carrier" within the meaning of I.R.C. § 3231(g). Accordingly, Plaintiff is a railroad "employer" within the meaning of I.R.C. § 3231(a), and Plaintiff and its employees are liable for railroad retirement taxes imposed by the Railroad Retirement Tax Act, Chapter 22 of the Internal Revenue Code, I.R.C. §§ 3201 – 3241.

COUNT I – PRODUCTIVITY FUND

6. The allegations of paragraphs 1 through 5 are incorporated herein by reference and re-alleged as if set forth in their entirety.

7. During the taxable years in issue in this case with respect to this Count I (calendar years 2002 and 2003), Plaintiff was a party to certain collective bargaining agreements with the United Transportation Union ("UTU"), a labor union representing certain of Plaintiff's employees ("UTU Agreements").

8. The UTU Agreements provide for the operation of certain of Plaintiff's trains with a reduced crew compared to the number of employees formerly required to operate the trains under applicable collective bargaining agreements (for example, a two-person crew rather than a three-person crew).

9. The UTU Agreements create certain "Productivity Funds" tied to the labor-cost savings resulting from the operation of certain of Plaintiff's trains with reduced crews. Generally, for each trip that is operated with a reduced crew, Plaintiff accrues a specified dollar amount into a Productivity Fund. At the end of each Productivity Fund's fiscal year, Plaintiff distributes the Productivity Fund amounts to employees covered by the UTU Agreements, generally in proportion to the total number of reduced-crew trips during the year that were operated by each such covered employee.

10. Productivity Fund distributions represent the protected employees' share in productivity savings, as characterized in the original UTU Agreements, not remuneration for services rendered. The Productivity Fund is a way for eligible employees to share in the efficiencies resulting from Plaintiff's reduced wage costs. Thus, conceptually, Productivity Fund distributions are for the opposite of "services rendered."

11. The Productivity Fund distributions to Plaintiff's employees during the years in issue did not constitute "remuneration . . . for services rendered" within the meaning of I.R.C. § 3231(e)(1), and did not constitute "compensation" subject to Tier 1 and Tier 2 railroad retirement tax under I.R.C. §§ 3201 and 3221.

12. Plaintiff here incorporates by reference paragraphs 26 - 37, which enumerate the tax returns, refund claims, claim denials, and other procedural matters for tax years 2002 and 2003 relating to this Count I.

13. Plaintiff made total distributions of Productivity Fund monies to its employees in the following amounts for tax years 2002 and 2003:

| Year | Total Productivity Fund Distributions |
|---|---|
| 2002 | $ 4,770,662.48 |
| 2003 | $ 4,651,565.97 |

14. Plaintiff erroneously paid, and withheld from its employees and paid over, Tier 1 and Tier 2 taxes under the Railroad Retirement Tax Act, with respect to Productivity Fund distributions made to its employees, in the following amounts for tax years 2002 and 2003:

| Year | Employer Tax Paid | Employee Tax W'held & Paid Over | Yearly Total |
|---|---|---|---|
| 2002: | $ 502,879.70 | $ 364,738.61 | $ 867,618.31 |
| 2003: | $ 358,296.96 | $ 272,223.57 | $ 630,520.53 |

Additional details of the foregoing tax computations are shown in the refund claims attached as Exhibits 2 and 5 to this Complaint.

15. Plaintiff is entitled to a refund from Defendant of the amounts specified in paragraph 14, plus interest thereon as provided by law. No portion of such amounts has been repaid to Plaintiff or, to the best of Plaintiff's knowledge and belief, to its employees or former employees.

COUNT II – SEVERANCE, SEPARATION, LAYOFF AND RELEASE PAYMENTS

16. The allegations of paragraphs 1 through 5 are incorporated herein by reference and re-alleged as if set forth in their entirety.

17. During the taxable years in issue in this case with respect to this Count II (calendar years 2002 and 2003), a number of employees separated or were laid off from Plaintiff's service, signed a release agreement, and received a lump-sum payment as consideration for their cessation of work and for the execution of the release agreement.

18. These employee separations during 2002 and 2003 took place pursuant to various policies and agreements, as described in the refund claim attached as Exhibits 2 and 5 to this Complaint.

19. Such severance, separation, layoff and release payments made by Plaintiff to its employees were not made for services rendered, but rather as consideration for the employees' cessation of service (or otherwise not as consideration for services rendered).

20. In addition, such severance, separation, layoff and release payments made by Plaintiff to its employees were made in consideration of their signing release agreements relieving Plaintiff of liability with respect to the employees' legal rights. The payments were not made for services rendered, but rather as consideration pursuant to a separate contract (or otherwise not as consideration for services rendered).

21. The severance, separation, layoff and release payments made by Plaintiff during the years in issue did not constitute "remuneration . . . for services rendered" within the meaning of I.R.C. § 3231(e)(1), and did not constitute "compensation" subject to Tier 1 and Tier 2 railroad retirement tax under I.R.C. §§ 3201 and 3221.

22. Plaintiff here incorporates by reference paragraphs 26 - 37, which enumerate the tax returns, refund claims, claim denials, and other procedural matters for tax years 2002 and 2003 relating to this Count II.

23. Plaintiff made total severance, separation, layoff and release payments to employees in the following amounts for tax years 2002 and 2003:

| Year | Total Severance/Separation/Layoff/Release Payments |
|---|---|
| 2002 | $ 2,296,711.22 |
| 2003 | $ 1,630,423.74 |

24. Plaintiff erroneously paid, and withheld from its employees and paid over, Tier 1 and Tier 2 taxes under the Railroad Retirement Tax Act, with respect to severance, separation, layoff and release payments, in the following amounts for tax years 2002 and 2003:

| Year | Employer Tax Paid | Employee Tax W'held & Paid Over | Yearly Total |
|---|---|---|---|
| 2002 | $ 121,230.66 | $ 88,160.87 | $ 209,391.53 |
| 2003 | $ 165,972.44 | $ 105,542.23 | $ 271,514.67 |

Additional details of the foregoing tax computations are shown in the refund claims attached as Exhibits 2 and 5 to this Complaint.

25. Plaintiff is entitled to a refund from Defendant of the amounts specified in paragraph 24, plus interest thereon as provided by law. No portion of such amounts has been repaid to Plaintiff or, to the best of Plaintiff's knowledge and belief, to its employees or former employees.

TAX RETURNS, REFUND CLAIMS, CLAIM DENIALS, ETC.

Taxable Year Ended December 31, 2002

26. On or about February 28, 2003, Plaintiff timely filed Form CT-1, Employer's Annual Railroad Retirement Tax Return, for the taxable year ended December 31, 2002 with the Internal Revenue Service Center, Cincinnati, Ohio 45999. A true copy of Plaintiff's Form CT-1 for 2002 is attached hereto as Exhibit 1. Plaintiff timely deposited the employer and employee taxes shown thereon as due in the total amount of $67,258,024.13, and those taxes were deemed timely paid on the return due date of February 28, 2003 pursuant to Treas. Reg. §§ 31.6302-2(a) and 31.6302-1(h)(9), (i)(6). Plaintiff's name, address, and identification number as shown on the 2002 return are as follows:

Illinois Central Railroad Company
17641 Asland [sic] Avenue
Homewood, IL 60430
EIN: 36-2728842

27. On February 27, 2006, by certified mail, Plaintiff timely filed with the Internal Revenue Service, Kansas City, Missouri 64999, its claim for refund (Form 843) of railroad retirement taxes paid and paid over by Plaintiff for the year 2002 in the amount of $1,077,009.83, plus interest as allowed by law. A true copy of Plaintiff's 2002 claim for refund,

including cover letter, power of attorney, exhibits, and evidence of certified mailing, is attached hereto as Exhibit 2. Said amount consists of the sum of the employer tax paid and employee tax paid over for the 2002 tax year with respect to Plaintiff's Productivity Fund distributions (Count I) and Plaintiff's severance, separation, layoff and release payments (Count II), as set forth in paragraphs 14 and 24. Plaintiff's name, address, and identification number as shown on the 2002 refund claim are as follows:

Illinois Central Railroad Company
17641 South Ashland Avenue
Homewood, IL 60430
EIN: 36-2728842

28. On June 21, 2006, by certified mail, the Internal Revenue Service mailed its official notice of disallowance of Plaintiff's claim for refund for tax year 2002 with respect to the Productivity Fund issue (Count I). A true copy of the official claim disallowance letter, with attachments and evidence of certified mailing, is attached hereto as Exhibit 3. Therefore, this Complaint has been timely filed with respect to the Productivity Fund issue for tax year 2002, pursuant to I.R.C. § 6532(a), prior to the expiration of two years after the date of mailing of the notice of disallowance.

29. The claim disallowance letter (Exhibit 3) states that the portion of Plaintiff's refund claim for tax year 2002 relating to severance, separation, layoff and release payments (Count II) "cannot be considered at this time" and "will be held in suspense pending litigation [*CSX Corp. v. United States*, Ct. Fed. Cl. No. 95-858T]." However, more than six months has elapsed since Plaintiff filed its refund claim. Therefore, this Complaint has been timely filed with respect to severance, separation, layoff and release payments, pursuant to I.R.C. § 6532(a) and Treas. Reg. § 301.6532-1(a)(1).

30. For the 2002 tax year, Plaintiff will comply with the requirements of Treas. Reg. § 31.6402-2(a)(2), relating to the obtaining of consents from employees with respect to Plaintiff's seeking refunds of withheld tax on their behalf. Pursuant to the holding of *Chicago Milwaukee Corp. v. United States*, 40 F.3d 373 (Fed. Cir. 1994), Plaintiff may solicit and obtain such consents following the Court's determination of the merits of Plaintiff's claims.

31. Plaintiff is entitled by law to a refund of $1,077,009.84 for tax year 2002, representing the employer portion of railroad retirement tax in the total amount of $624,110.36, plus the employee portion of railroad retirement tax in the total amount of $452,899.48 (or so much thereof as Plaintiff's employees may ultimately consent to have Plaintiff obtain on their behalf and pay over to them), plus interest thereon as provided by law, no part of which has been refunded to Plaintiff or, to the best of Plaintiff's knowledge and belief, to Plaintiff's employees or former employees.

Taxable Year Ended December 31, 2003

32. On or about February 27, 2004, Plaintiff timely filed Form CT-1, Employer's Annual Railroad Retirement Tax Return, for the taxable year ended December 31, 2003 with the Internal Revenue Service Center, Cincinnati, Ohio 45999. A true copy of Plaintiff's Form CT-1 for 2003 is attached hereto as Exhibit 4. Plaintiff timely deposited the employer and employee taxes shown thereon as due in the total amount of $66,549,057.16, and those taxes were deemed timely paid on the return due date of February 28, 2004 pursuant to Treas. Reg. §§ 31.6302-2(a) and 31.6302-1(h)(9), (i)(6). Plaintiff's name, address, and identification number as shown on the 2003 return are as follows:

Illinois Central Railroad Company
17641 Ashland Avenue
Homewood, IL 60430-1339
EIN: 36-2728842

33. On March 28, 2006, by certified mail, Plaintiff timely filed with the Internal Revenue Service, Kansas City, Missouri 64999, its claim for refund (Form 843) of railroad retirement taxes paid and paid over by Plaintiff for the year 2003 in the amount of $902,035.20, plus interest as allowed by law. A true copy of Plaintiff's 2003 claim for refund, including cover letter, power of attorney, exhibits, and evidence of certified mailing, is attached hereto as Exhibit 5. Said amount consists of the sum of the employer tax paid and employee tax paid over for the 2003 tax year with respect to Plaintiff's Productivity Fund distributions (Count I) and Plaintiff's severance, separation, layoff and release payments (Count II), as set forth in paragraphs 14 and 24. Plaintiff's name, address, and identification number as shown on the 2003 refund claim are as follows:

Illinois Central Railroad Company
17641 South Ashland Avenue
Homewood, IL 60430
EIN: 36-2728842

34. On August 17, 2006, by certified mail, the Internal Revenue Service mailed its official notice of disallowance of Plaintiff's claim for refund for tax year 2003 with respect to the Productivity Fund issue (Count I). A true copy of the official claim disallowance letter, with attachments and evidence of certified mailing, is attached hereto as Exhibit 6. Therefore, this Complaint has been timely filed with respect to the Productivity Fund issue for tax year 2003, pursuant to I.R.C. § 6532(a), prior to the expiration of two years after the date of mailing of the notice of disallowance.

35. The claim disallowance letter (Exhibit 6) states that the portion of Plaintiff's refund claim for tax year 2003 relating to severance, separation, layoff and release payments (Count II) "cannot be considered at this time" and "will be held in suspense pending litigation [*CSX Corp. v. United States*, Ct. Fed. Cl. No. 95-858T]." However, more than six months has elapsed since Plaintiff filed its refund claim. Therefore, this Complaint has been timely filed with respect to severance, separation, layoff and release payments, pursuant to I.R.C. § 6532(a) and Treas. Reg. § 301.6532-1(a)(1).

36. For the 2003 tax year, Plaintiff will comply with the requirements of Treas. Reg. § 31.6402-2(a)(2), relating to the obtaining of consents from employees with respect to Plaintiff's seeking refunds of withheld tax on their behalf. Pursuant to the holding of *Chicago Milwaukee Corp. v. United States*, 40 F.3d 373 (Fed. Cir. 1994), Plaintiff may solicit and obtain such consents following the Court's determination of the merits of Plaintiff's claims.

37. Plaintiff is entitled by law to a refund of $902,035.20 for tax year 2003, representing the employer portion of railroad retirement tax in the total amount of $524,269.40, plus the employee portion of railroad retirement tax in the total amount of $377,765.80 (or so much thereof as Plaintiff's employees may ultimately consent to have Plaintiff obtain on their behalf and pay over to them), plus interest thereon as provided by law, no part of which has been refunded to Plaintiff or, to the best of Plaintiff's knowledge and belief, to Plaintiff's employees or former employees.

DEMAND FOR JUDGMENT

WHEREFORE, Plaintiff prays for judgment against Defendant in the total amount of $1,979,045.04 with respect to tax years 2002 and 2003, representing the sum of the amounts claimed in Count I and Count II as set forth in paragraphs 14 and 24:

| Year | Total Employer Tax Paid in Error | Total Employee Tax W'held & Paid Over in Error | Total Refund |
|---|---|---|---|
| 2002 | $ 624,110.36 | $ 452,899.48 | **$ 1,077,009.84** |
| 2003 | $ 524,269.40 | $ 377,765.80 | **$ 902,035.20** |

or such other amount as may be legally refundable, plus interest as provided by law (I.R.C. § 6611), plus Plaintiff's costs and such other relief as the Court may deem just and proper.

Respectfully submitted,

Dated: Oct. 5, 2006

Steven C. Lambert

STEVEN C. LAMBERT
Attorney of Record for Plaintiff
Foley & Lardner LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007
Telephone (202) 295-4067
Facsimile (202) 672-5399

Of Counsel:

RICHARD F. RILEY, JR.
Foley & Lardner LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007
Telephone (202) 295-4712
Facsimile (202) 672-5399