IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-691T
(Judge Baskir)

ILLINOIS CENTRAL RAILROAD COMPANY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

JOINT PRELIMINARY STATUS REPORT

Pursuant to paragraph 4 of RCFC Appendix A, the parties submit the following information:

a. Jurisdiction. The parties believe the Court has jurisdiction over this case for the tax years in issue (2002 and 2003).

b. Consolidation. Plaintiff has advised the Court that the instant case is directly related (within the meaning of Rule 40.2(a)) to the recently filed case *Illinois Central Railroad Company v. United States*, No. 06-527T, which presents the same tax issues for the same taxpayer, for different tax years (1999, 2000 and 2001). Plaintiff has also advised the Court that the instant case is indirectly related (within the meaning of Rule 40.2(b) to the

pending case *Grand Trunk Western Railroad Incorporated v. United States*, No. 00-544T, which presents the same issues for a related taxpayer.[1]

The parties recommend that the instant case be coordinated and considered together with the other *Illinois Central* case (No. 06-527T) and with *Grand Trunk Western* (No. 00-544T), since the same or similar documentation and witnesses will likely be involved. Since the exact scope of the cases is not known at this time, however, the parties request that any decision on formal consolidation of the cases be postponed until the cases become active again after the *CSX* appeal is decided (see (d) below).

c. <u>Bifurcation of trial</u>. In the event trial is necessary (see items (g) and (j) below, relating to dispositive motions and trial), the parties agree that separate trials on the issue of liability and damages should not be necessary. The parties would ask the Court first to determine the question of liability only, and then grant the parties a reasonable period of time to attempt to reach agreement on the amount of any tax and interest due, so that the parties can submit a stipulation as to the amount of judgment. This would avoid devoting substantial attention to computational issues at trial.

[1] Illinois Central Railroad Company and Grand Trunk Western Railroad Incorporated are both subsidiaries of Canadian National Railway Company, a publicly traded corporation.

d. Deferral or suspension. The parties ask the court to stay all proceedings in this case pending final outcome of the appeals in *CSX Corp. v. United States*, Fed. Cl. No. 95-858T, *appeals docketed*, Fed. Cir. Nos. 07-5003, 07-5007. Concurrently with the filing of this Joint Preliminary Status Report, the parties have filed a joint motion seeking such a stay.

The requested stay would allow this case to proceed on the same track as the *Grand Trunk Western* case (No. 00-544T) and the other *Illinois Central* case (No. 06-527T), in which proceedings have been stayed to await the outcome of *CSX.* Final judgment in the *CSX* case was entered in this Court (Weise, J.) in August 2006. Appeals were timely filed by both CSX Corporation and the United States, and those appeals are now docketed in the U.S. Court of Appeals for the Federal Circuit (Nos. 07-5003 and 07-5007). Briefing in the *CSX* case before the Federal Circuit is currently scheduled to begin this month.

The *CSX* case involves the Railroad Retirement Tax treatment of various categories of severance and separation allowances paid to railroad employees. As explained below, that is one of the two issues presented in the instant case, as well as in the *Grand Trunk Western* case. A decision of the Court of Appeals for the Federal Circuit in *CSX* will not necessarily bind this Court in the instant case (because the facts are not identical), but

the Federal Circuit's opinion will certainly be a crucial precedent on the severance pay issue. Although this case, like *Grand Trunk Western*, has an additional issue not presented in *CSX* (Railroad Retirement Tax treatment of certain Productivity Fund distributions), it would be most efficient for this entire case to await the outcome in *CSX*.

The parties offer to continue to file Joint Status Reports with the Court every 45 days in the instant case, as has been done for some time in the *Grand Trunk Western* case, advising the Court as to the status of the *CSX* case and any other matters relevant to continued deferral of proceedings herein. The parties recommend that status reports in the instant case be coordinated with the regular status reports already being filed in the *Grand Trunk Western* case and the other *Illinois Central* case. The filing of joint status reports is suggested in the Joint Motion to Stay Proceedings filed concurrently herewith.

e. <u>Remand or suspension</u>. Not applicable.

f. <u>Additional parties</u>. There are no additional parties to be joined. However, Plaintiff notes that corporations related to Plaintiff and to Grand Trunk Western Railroad – that is, other subsidiaries of Canadian National Railway Company – have filed claims with the IRS for refund of Railroad Retirement Tax, similar to the claims presented in the instant case. If those

claims are denied and those taxpayers file suit in this Court, the parties may request consolidation or coordination of such cases with the instant case, as has been done with respect to the *Grand Trunk Western* case.

g. Dispositive motions. Neither party intends to file a dispositive motion under RCFC 12(b) or 12(c).

With respect to summary judgment motions under RCFC 56, the parties believe that this case may be resolved on a motion, or cross-motions, for summary judgment, but it is too early to say whether there will be any factual disputes precluding summary judgment. In light of the requested deferral of proceedings pending the outcome of the *CSX* case, the parties believe it is premature to set a summary judgment schedule at this time.

h. Issues. This is a Railroad Retirement Tax case. Plaintiff is a railroad carrier, so plaintiff and its employees pay Railroad Retirement tax, in place of FICA (Social Security) tax, with respect to the "compensation" paid to plaintiff's employees. "Compensation" is the base for imposition of Railroad Retirement Tax, equivalent to "wages" for FICA tax purposes. The Railroad Retirement Tax Act (RRTA), I.R.C. §§ 3201 - 3241, defines compensation as "remuneration … for services rendered as an employee… ." Plaintiff seeks refunds of Railroad Retirement tax paid and

withheld on (i) distributions to employees from Productivity Funds, and (ii) severance and separation allowances paid to certain departing employees, on the basic grounds that such amounts are not "remuneration … for services rendered… ."

i. Settlement and ADR. The likelihood of settlement is unknown at this time. The case has been assigned to Judge Bruggink for alternative dispute resolution purposes; Judge Bruggink has asked the parties to contact him when and if ADR proceedings are desired. The likelihood of settlement or ADR will be clearer once there is a final nonappealable decision in the *CSX* litigation. As required, a copy of this Joint Preliminary Status Report will be provided to Judge Bruggink.

j. Trial. The parties do not know at this time whether a trial will be necessary, in light of the request for deferral of proceedings pending issuance of a final nonappealable decision in the *CSX* case (see item (d) above). The parties agree that the place of trial, if any, will be Washington, D.C.

k. Electronic case management needs. The parties are not aware of any special issues regarding electronic case management needs.

*I*. Additional information. Additional information, including information required by the Court's Special Procedures Order entered December 12, 2006, is as follows:

***Discovery Plan***. The parties ask that the Court defer the requirement for a Discovery Plan under paragraph 4 of the Special Procedures Order, pending resolution of the *CSX* case on appeal. At that time, it will be clearer which Productivity Fund documents, severance and layoff plans, and other discoverable materials may be relevant to the issues in this case, and which witnesses may be needed to testify. Similarly, the parties ask the Court to defer the Rule 26 requirement for disclosure of witness lists and documentation until after resolution of the *CSX* case on appeal. The parties will continue to cooperate and are prepared to exchange such information without delay at the appropriate time, but it would be more efficient for trial preparation matters to be deferred pending final resolution of the *CSX* case.

***Appendix to JPSR***. The parties believe that jurisdictional documents suitable for inclusion in an Appendix to this JPSR have already been filed, as follows: Copies of plaintiffs' RRTA tax returns (Form CT-1) for each of the two years in issue (2002 and 2003) were

attached as Exhibits 1 and 4 to the Complaint. Copies of the timely filed refund claims for each of three years in issue were attached as Exhibits 2 and 5 to the Complaint. Copies of the Internal Revenue Service's official notices of partial disallowance of plaintiff's refund claims were attached as Exhibits 3 and 6 to the Complaint. The Complaint was filed in this Court October 5, 2006, after the expiration of six months from the original filing of the refund claims, and before the expiration of two years after the IRS's mailing of the official notices of partial disallowance of the refund claims.

The parties request that exchange of other documents be deferred pending final resolution of the *CSX* case on appeal, for the reasons explained above in connection with the Discovery Plan.

Respectfully submitted,

Jan. 4, 2007 s/ Steven C. Lambert
Date

STEVEN C. LAMBERT
Attorney of Record for Plaintiff
Foley & Lardner LLP
3000 K Street, N.W., Suite 500
Washington, DC 20007
Tel: (202) 295-4067
Fax: (202) 672-5399

Of Counsel for Plaintiff:

RICHARD F. RILEY, JR.
Foley & Lardner LLP
3000 K Street, N.W., Suite 500
Washington, DC 20007

Jan. 4, 2007 s/ Benjamin C. King, Jr.
Date

BENJAMIN C. KING, JR.
Attorney of Record for Defendant
Tax Division, Court of Federal Claims Section
U.S. Department of Justice
Post Office Box 26
Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-6506
Fax: (202) 514-9440

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section

Jan. 4, 2007 s/ David Gustafson
Date

Of Counsel